contention that the evidence shows that appellee was guilty of fraud in procuring from appellant a receipt in final settlement. It appears from the evidence that, at the time of settlement, appellee did not have the money with which to settle, and that he executed his note to appellant for the amount due, which was accepted by appellant. Appellee was thereafter unable to pay the note. However, while appellant's loss is to be regretted, from the whole record, we are fully convinced, with the trial court, that his father did not intend to defraud or wrong him, and that appellant was fully advised of conditions. We are impressed that depreciation in land values from the high prices of the war period caused the father, who was a farmer, to lose all equity which he had in a large farm, with which he fully intended to discharge his obligation to his son.

Judgment affirmed.

---

## FEDERAL SAVINGS AND INSURANCE COMPANY v. HUMKE.

[No. 12,487. Filed June 30, 1926.]

From Henry Circuit Court; *J. R. Hinshaw*, Judge.

Action between the Federal Savings and Insurance Company and Minnie B. Humke. From the judgment rendered, the former appeals. *Affirmed.* By the court in banc.

*Charles E. Smith* and *George D. Forkner*, for appellant.
*Charles T. Sansberry* and *Barnard & Barnard*, for appellee.

PER CURIAM.—Judgment affirmed.

---

## REYNOLDS v. REYNOLDS.

[No. 12,278. Filed June 30, 1926.]

From DeKalb Circuit Court; *William P. Endicott*, Judge.

Action between Frank G. Reynolds and Melvin E. Reynolds. From the judgment rendered, the former appeals. *Affirmed.* By the court in banc.

*Edgar W. Atkinson* and *Oak Husselman*, for appellant.
*Leonard, Rose & Zollars* and *Link & McClintock*, for appellee.

PER CURIAM.—Judgment affirmed.